UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| 1305 RIDGEWOOD, LLC, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>ATHAS CAPITAL GROUP, INC., et al.,<br><br>    Defendants. | Case No: 21-cv-04647 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Plaintiffs Kelvin Vuong ("Vuong") and 1305 Ridgewood, LLC ("Ridgewood") (together, "Plaintiffs") bring the instant action against Defendants Athas Capital Group, Inc. ("Athas") and Endeavor Appraisals, Inc. ("Endeavor") (together, "Defendants"). Pending are Defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). The matter is suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b). For the reasons stated below, the motions are granted.

I.  **BACKGROUND**

    A.  **FACTUAL ALLEGATIONS**

Ridgewood is a California Limited Liability Company that owns the real property located at 1305 Ridgewood in Millbrae, California (the "Property"). First Am. Compl. ("FAC") ¶ 3, Dkt. 14. Vuong, a resident of the County of San Francisco, is the managing member of Ridgewood. Id. ¶¶ 2-3.

In the fall of 2020, Plaintiffs engaged Athas to obtain a loan, secured by the Property. Id. ¶ 12. An appraisal of the Property was required. Id. ¶ 13. Athas engaged Endeavor to conduct said appraisal. Id. ACT Appraisal, Inc. ("ACT") issued to Athas an appraisal invoice, which Vuong paid on November 13, 2020. Id. ¶ 14, Ex. A.[1]

---

[1] It appears Athas ordered an appraisal through ACT, a third-party appraisal management company, which then engaged Endeavor to perform the appraisal.

Endeavor conducted an appraisal of the Property on November 14, 2020, taking color photographs of its interior and exterior, as well as of comparable homes in the vicinity. Id. ¶ 15. It then created an appraisal report (the "Appraisal Report"). Id. According to Plaintiffs, Endeavor provided Athas a color copy of the Appraisal Report. Id.

Athas provided Plaintiffs notice of their right to obtain a copy of an appraisal report. Id. ¶ 16, Ex. B.[2] On November 25, 2020, Athas provided Plaintiffs a black-and-white copy of the Appraisal Report via email. Id. ¶ 18. According to Plaintiffs, Athas "altered the Appraisal Report by rendering it from color into black and white." Id. ¶ 17. Plaintiffs did not obtain financing from Athas, as they were "unable to agree on terms." Id. ¶ 19.

On January 3, 2021, Plaintiffs' agent emailed Athas, stating "[t]he borrower Kelvin is requesting a color copy of the appraisal." Id. ¶ 20, Ex. C. Vuong and his agent sent additional requests to Athas and Endeavor on January 4 and 7. Id. ¶¶ 21-26, Ex. D-I. Defendants did not provide a color copy of the Appraisal Report. Id. ¶ 27.

**B.   PROCEDURAL HISTORY**

After removing the action from state court, Dkt. 1, Athas filed a motion to dismiss the original Complaint. Dkt. 7. In response, Plaintiffs filed the FAC. Id. ¶ 14. The FAC is nearly identical to the Complaint, aside from minor additions in paragraphs 15 and 17. The FAC sets forth claims for: (1) Violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq., against Athas; (2) Unfair and Unlawful Business Practices, Cal. Bus. & Prof. Code § 17200, et seq. ("UCL"), against Defendants; and (3) Civil Conspiracy, against Defendants. Athas and Endeavor separately move to dismiss the FAC. Dkt. 19, 30.

**II.   LEGAL STANDARD**

Rule 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is proper when the complaint

---

[2] The notice states: "We may order an appraisal to determine the property's value and charge you for this appraisal. We will promptly give you a copy of any appraisal, even if your loan does not close. [¶] You can pay for an additional appraisal for your own use at your own cost." FAC, Ex. B.

either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013) (quoting in part Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

In assessing the sufficiency of a claim, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). Courts must accept the factual allegations of the complaint as true and construe the pleadings in the light most favorable to the nonmoving party. Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are "not entitled to the assumption of truth." Iqbal, 556 U.S. at 678, 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

### III. DISCUSSION

#### A. RIDGEWOOD'S STANDING

Athas moves to dismiss all claims by Ridgewood for lack of standing. The ECOA requires, *inter alia*, that creditors furnish to applicants "a copy of any and all written appraisals and valuations developed in connection with the applicant's application for a loan that is secured or would have been secured by a first lien on a dwelling property upon

completion[.]" 15 U.S.C. § 1691(e)(1). "Applicant" means "any person who applies to a creditor directly for an extension, renewal, or continuation of credit …." Id. § 1691a(b).

The loan application referenced in the FAC lists only Vuong as a prospective borrower. Def.'s RJN, Ex. 1, Dkt. 20.[3] Ridgewood is not an "applicant" for purposes of the ECOA or the related claims based on Defendants' failure to furnish a copy of the Appraisal Report. It therefore lacks standing. See Thomas v. Guild Mortg. Co., No. CV 09-2687-PHX-MHM, 2011 WL 676902, at *4 (D. Ariz. Feb. 23, 2011) (providing a homeowner who is not a party to a mortgage loan cannot assert claims against a lender for improper disclosures and dismissing such claims under various statutes for lack of standing); Cabrera v. Countrywide Fin., No. C 11-4869 SI, 2012 WL 5372116, at *8 (N.D. Cal. Oct. 30, 2012) (dismissing claims, including those under the ECOA and UCL, for lack of standing because the plaintiff was not a signatory to the mortgage).

Plaintiffs do not cite any contrary authority or otherwise rebut the substance of Athas' argument. Instead, they rely solely on the FAC's allegation that "Plaintiffs are 'applicants' as defined by ECOA section 1691a(b) because they applied to Defendant Athas for an extension, renewal, or continuation of credit." Opp'n at 6-7 (quoting FAC ¶ 33), Dkt. 23. Contrary to Plaintiffs' assertion, however, a court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNJ Inv., 559 F.3d 1061, 1071 (9th Cir. 2009). Nor must a court accept as true conclusory allegations contradicted by materials incorporated into the complaint by reference. Id. Accordingly, Athas' motion to dismiss Ridgewood is granted.

---

[3] Athas requests judicial notice of several documents, including Vuong's loan application. "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Such materials may be considered without converting the motion to dismiss into a motion for summary judgment. Id. The loan application is referenced in, and forms the basis of, Plaintiffs' first claim for relief. FAC ¶¶ 12, 33. Its authenticity is not questioned. Athas' request to take judicial notice of the loan application therefore is granted. The request for judicial notice is denied as moot as to the remaining materials, which are either attached to the FAC or immaterial to the resolution of the instant motion.

Because Ridgewood's lack of standing cannot be cured by amendment, the dismissal is without leave to amend. See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011) (a district court may dismiss without leave to amend where amendment would be futile); Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (dismissal without leave to amend is proper where the allegation of other facts consistent with the challenged pleading cannot possibly cure the deficiencies or the plaintiff has had several opportunities to amend and repeatedly failed to cure the same).

### B.   VIOLATION OF THE ECOA

The ECOA makes it unlawful for a creditor to discriminate against any applicant, with respect to any aspect of a credit transaction: (1) on the basis of race, color, religion, national origin, sex or marital status, or age; (2) because all or part of the applicant's income derives from any public assistance program; or (3) because the applicant has in good faith exercised any right under the Consumer Credit Protection Act, 15 U.S.C. § 1601, et seq. Id. § 1691(a)(1).  The ECOA requires that a creditor provide an applicant with a statement of reasons for any adverse action, such as the denial of credit. Id. § 1691(d).  As stated above, it also requires that a creditor "furnish to an applicant a copy of any and all written appraisals" developed in connection with an application for a loan that is or would be secured by a first lien on a dwelling property. Id. § 1691(e)(1).

Regarding the appraisal provisions at issue here, the ECOA provides that, promptly after completion of the appraisal (generally within 30 days), but in no case later than 3 days prior to the closing of a loan (unless that requirement is waived by the applicant), a creditor must furnish a copy of any written appraisal. Id. § 1691(e)(1)-(2); 12 C.F.R. § 202.14(a). The applicant may be required to pay a reasonable fee to reimburse the creditor for the cost of the appraisal.  15 U.S.C. § 1691(e)(3).  However, the creditor must provide a copy of the written appraisal at no additional cost to the applicant. Id. § 1691(e)(4).  In addition, at the time of application, the creditor shall notify an applicant in writing of the right to receive a copy of each written appraisal. Id. § 1691(e)(5).  Copies of appraisal reports may be provided to an applicant in electronic form.  12 C.F.R. § 1002.14(a)(5).

Athas moves to dismiss Plaintiffs' claim under the ECOA on the ground that no violation of the statute is alleged. Indeed, it is undisputed that Vuong was provided with both notice of his right to receive a copy of any appraisal and a copy of the Appraisal Report prepared by Endeavor. See FAC ¶¶ 16, 18. This satisfies the requirements of the ECOA. Vuong was provided a black-and-white copy of the Appraisal Report on November 25, 2020. Id. ¶ 18. On January 3, 2021, after he and Athas failed to agree on terms for a loan secured by the Property, Vuong requested a "color copy" of the same. Id. ¶ 20. The ostensible purpose of this request was to "explore financing with other lenders, without having to arrange [for] another [a]ppraisal." Id. ¶ 29. As rightly asserted by Athas, however, nothing in the ECOA or its implementing regulations require that a color copy be provided. Plaintiffs cite no authority, and none can be found, imposing such a requirement.

Nor would a finding that Athas violated the ECOA on these facts be consistent with the statute's purpose. The principal purpose of the ECOA is to eradicate discrimination in the extension of credit. 142 Am. Jur. Proof of Facts 3d 259 (Originally published in 2014). "The intention of the ECOA, as amended, is to make certain that no applicant will be denied credit because of factors that are unrelated to whether or not the applicant is financially sound enough to justify the extension of credit." Id. One way the ECOA effectuates this goal is through its procedural requirements. Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1210 (9th Cir. 2013). Appraisals generally are conducted to assess property values. See 15 U.S.C. § 1691(e); 12 C.F.R. § 202.14(c) ("appraisal report means the document(s) relied upon by a creditor in evaluating the value of the dwelling"). Requiring creditors to provide a copy of any appraisal report allows applicants to challenge those valuations. See generally Dufay v. Bank of Am. N.T. & S.A. of Oregon, 94 F.3d 561, 565 (9th Cir. 1996) ("a reasonably diligent review of a challenged appraisal is a normal and reasonable part of a proper consideration of a loan application").

Here, it is not alleged that Athas failed to furnish Vuong a copy of the Appraisal Report in connection with its review of his loan application. Indeed, the FAC alleges that Athas fulfilled its duties under the ECOA in that respect. Nor is it alleged that Vuong

requested an additional copy of the Appraisal Report to ascertain the basis of or challenge Athas' valuation of the Property.  Rather, Vuong alleges that, having decided to explore financing with other lenders, he sought a color copy of the Appraisal Report in the hopes of obviating the need to obtain another appraisal.  Although Athas could have provided the additional copy requested, Vuong points to no statute, regulation, or policy obligating it to do so.[4]  As stated in the notice of right to receive a copy of any appraisal report, Vuong was free to obtain another appraisal for his own use at his own cost.  FAC, Ex. B.  He chose instead to bring suit against Athas.  However, that an applicant may be required to obtain an additional appraisal for his own use at his own cost does not violate the ECOA.  Accordingly, Athas' motion to dismiss the first claim for relief is granted.

Notably, Plaintiffs already amended their pleading in response to Athas' motion to dismiss the original complaint.  They do not identify any new facts that might be alleged if further leave to amend were granted.  Rather, they rely on the liberal pleading standard of Rule 8 to argue that the facts alleged are sufficient to state a claim.  As discussed above, however, the facts of this case do not establish a violation of the ECOA.  Dismissal therefore is without leave to amend.  See Telesaurus, 623 F.3d at 1003.

### C.   UNFAIR COMPETITION

California's UCL makes actionable any "unlawful, unfair, or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  "Each prong of the UCL is a separate and distinct theory of liability."  Birdsong v. Apple, Inc., 590 F.3d 955, 959 (9th Cir. 2009).  Here, Plaintiffs rely on the UCL's unlawful and unfair prongs.  See FAC ¶ 40 (alleging Athas engaged in unlawful business practices by failing to provide a copy of the Appraisal Report in violation of the ECOA and Cal. Bus. & Prof. Code § 11423), ¶ 41 (alleging Athas and Endeavor engaged in unfair business practices by providing Plaintiffs with a black-and-white copy of the Appraisal Report).

---

[4] Plaintiffs' unopposed request to take judicial notice of Freddie Mac's Guidelines with Respect to Home Appraisal Requirements is granted.  Dkt. 24.  It does not aid their cause, however, as it provides guidance for appraisers, not creditors.

### 1. Unlawful

With respect to the unlawful prong, the UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000). Plaintiffs predicate their UCL claim upon violations of the ECOA and Cal. Bus. & Prof. Code § 11423, which similarly requires that lenders provide loan applicants with a copy of any appraisal report. For the reasons stated above, Plaintiffs fail to allege any violation of these statutes based on a failure to provide a copy of the Appraisal Report. A UCL claim predicated on such violations therefore fails. Martinez v. Wells Fargo Home Mort., Inc., 598 F.3d 549, 558 (9th Cir. 2010).

### 2. Unfair

Plaintiffs' claim under the unfair prong of the UCL is alleged against both Athas and Endeavor. As an initial matter, "'[t]he concept of vicarious liability has no application to actions brought under the unfair business practices act.'" Emery v. Visa Internat. Serv. Ass'n, 95 Cal. App. 4th 952, 960 (2002) (quoting People v. Toomey, 157 Cal. App. 3d 1, 14 (1984)). "A defendant's liability must be based on his personal 'participation in the unlawful practices' and 'unbridled control' over the practices that are found to violate [the UCL]." Id. (quoting Toomey, 157 Cal. App. 3d at 15). The FAC alleges that *Athas* converted the report it received from Endeavor into black-and-white. FAC ¶ 17. There are no facts alleged showing Endeavor participated in the challenged conduct. The FAC therefore fails to state a claim against Endeavor.[5]

Regarding the claim against Athas, the proper standard for determining whether a business act or practice is "unfair" in a consumer action is unsettled. Nationwide Biweekly Admin., Inc. v. Superior Ct., 9 Cal. 5th 279, 304 & n.10 (2020) (citing Zhang v. Superior Ct., 57 Cal. 4th 364, 380 n.9 (2013)). Some California courts apply a balancing test—

---

[5] Endeavor also challenges Plaintiffs' standing under the UCL, arguing they sustained no injury in fact in any business transaction with Endeavor. Because Plaintiffs otherwise fail to state a claim, the issue of standing under the UCL need not be addressed.

which the California Supreme Court declined to adopt in actions by competitors—examining whether the practice "offends established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." See Ticconi v. Blue Shield of California Life & Health Ins. Co., 160 Cap. App. 4th 528, 539 (2008). Other courts apply a tethering test—akin to that adopted by the Supreme Court in competitor actions—requiring a public policy tethered to a specific constitutional, statutory or regulatory provision. See Gregory v. Alberton's Inc., 104 Cal. App. 4th 845, 854 (2002).[6]

As persuasively argued by Athas, it is unnecessary to decide the proper test for analyzing consumer UCL claims because Plaintiffs fail to state a claim under either standard. See Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1170 (9th Cir. 2012) (declining to resolve the issue for this reason). The facts alleged do not support the inference that Athas' conduct was against public policy, immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. To the contrary, the notice Athas provided to Vuong clearly stated that he would be charged for an appraisal to determine the value of the Property and that he was free to pay for an additional appraisal for his own use at his own cost. Nor is Plaintiffs' claim tethered to a specific constitutional, statutory, or regulatory provision. Indeed, insofar as the claim is based on the ECOA, the facts alleged do not support an inference that Athas violated the letter, policy, or spirit of that statute.

Again, Plaintiffs do not meaningfully contend with these issues. Instead, they maintain that the matter is "more appropriate for summary judgment." Opp'n at 12. They then reiterate the allegations of the FAC, i.e., that Athas provided only a black-and-white copy of the Appraisal Report and that they "were harmed" by this conduct, insisting these allegations must be taken as true. Id. at 13. Even taking all well-pleaded factual

---

[6] Some California courts have also applied a third test borrowed from the Federal Trade Commission Act. See Camacho v. Automobile Club of Southern California, 142 Cal. App. 4th 1394, 1403 (2006). Absent a clear holding from the California Supreme Court endorsing this test, the Ninth Circuit has declined to apply the same, reasoning it is inapt in the context of anti-consumer (as opposed to anti-competitive) conduct. Lozano v. AT&T Wireless Serv., Inc., 504 F.3d 718, 735 (9th Cir. 2007).

allegations in the FAC as true, however, Plaintiffs fail to show that the conduct complained of constitutes an unfair business practice under any applicable standard.  See, e.g., Davis, 691 F.3d at 1170 (dismissing UCL claim under unfair prong for failure to state a claim). Accordingly, Defendants' motions to dismiss the second claim for relief is granted. Because the allegation of other facts consistent with those already pled cannot cure these deficiencies, dismissal is without leave to amend.  See Telesaurus, 623 F.3d at 1003.

### D. CONSPIRACY

"Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration."  Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510-11 (1994).  A claim for civil conspiracy thus rests on the "commission of an actual tort."  Id.  Plaintiffs allege Defendants conspired to violate the ECOA and the UCL.  FAC ¶ 44.  As discussed above, however, Plaintiffs have not shown that Defendants (or either one of them) violated these statutes.  Accordingly, Plaintiffs fail to state a claim for civil conspiracy, and Defendants' motions to dismiss the third claim for relief are granted.  Because the claim cannot be saved by amendment, dismissal is without leave to amend.  See Telesaurus, 623 F.3d at 1003.

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT Defendants' motions are granted and the action is dismissed without leave to amend.  This order terminates Docket Nos. 19 and 30. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: September 12, 2022

_____ RS
Richard Seeborg for Saundra B. Armstrong
United States District Judge